**Ray Armando MURILLO, Appellant,**

v.

**LIZ AND STAN BAIL BONDS, INC.; Stan Wood, Appellees.**

**No. 05–1916.**

United States Court of Appeals, Eighth Circuit.

Submitted: June 28, 2005.

Decided: July 8, 2005.

Rey Armando Murillo, San Diego, CA, pro se.

Before MELLOY, MCMILLIAN, and GRUENDER, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Ray Armando Murillo, a former Arkansas prisoner, appeals the district court's [1]

---

of Arkansas.

**1.** The Honorable Robert T. Dawson, United States District Judge for the Western District

of Arkansas, adopting the report and recommendation of the Honorable Beverly Stites

dismissal of his 42 U.S.C. § 1983 action. Murillo claimed defendants violated his civil rights by misusing and misplacing bond money that was sent to them for Murillo's release. For reversal, he argues that the defendants are state actors because they are licensed by the state.

Upon a thorough review of the record and the parties' briefs, we conclude that dismissal was proper. The acts of receiving bail money and applying it to the bond of a prisoner are not traditional government actions but rather, those of a private citizen or corporation. *Cf. Dean v. Olibas,* 129 F.3d 1001, 1005–06 (8th Cir.1997); *Landry v. A–Able Bonding, Inc.,* 75 F.3d 200, 204–05 (5th Cir.1996). Moreover, the licensing and regulation of bail bondsmen do not transform bail bondsmen into state actors. *See Blum v. Yaretsky,* 457 U.S. 991, 1004–05, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982); *Bilal v. Kaplan,* 904 F.2d 14, 15 (8th Cir.1990).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

